UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **MAILYN GARCIA VASQUEZ,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00100 |
| § | |
| **KRISTI NOEM,** *et al.*, § | |
| § | |
| Respondents. § | |

## ORDER

Pending before the Court is Petitioner Mailyn Garcia Vasquez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials and the Department of Homeland Security (DHS).

Petitioner filed her Petition for Writ of Habeas Corpus on January 22, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States for almost four years. (*Id.* at 2.) Petitioner entered without inspection on April 29, 2022, and encountered a Border Patrol Agent who subsequently released Petitioner as a matter of prosecutorial discretion. (*Id.*; Dkt. 11, Attach. 2 at 2.)[1] On June 29, 2022, Petitioner was granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5)(A) and DHS paroled Petitioner into the United States for urgent humanitarian reasons or significant public benefit. (Dkt. 1 at 2.) In September of 2025, Petitioner was apprehended by immigration authorities at a check-in appointment with ICE and taken into custody. (*Id.*) ICE

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

initiated removal proceedings and served her with a Notice to Appear. (*Id.*) On December 3, 2025, an Immigration Judge pre-termitted Petitioner's application under the Cuban Adjustment Act and ordered Petitioner removed to Cuba. (*Id.*) Petitioner filed an appeal on December 5, 2025, and remains detained at the Laredo Detention Center. (*Id.* at 4–5.) Petitioner argues she is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2), in violation of her rights under the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act (INA). (*Id.* at 15–20.) She asks the Court to order her immediate release or in the alternative, provide her with a bond hearing. (*Id*. at 21–22.)

The Court ordered Respondents to respond to Petitioner's petition on or before January 30, 2026, and Respondents filed a timely response. (Dkts. 3, 11.) On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at *9. Because of the intervening decision in *Buenrostro-Mendez*, the Court ordered Respondents to file a supplemental response specifically addressing Petitioner's due process claims. (Dkt. 10.) Respondents filed a timely response addressing Petitioner's due process claim and Petitioner submitted a reply to Respondents' supplemental response. (Dkts. 14, 15.)

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Strunin v. Garcia*, 5:26-cv-00106, Dkt. No.27 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who was paroled out of custody and into the United States and has since established ties through her residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of her flight risk and dangerousness and an opportunity to respond prior to redetention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory redetention of noncitizens who have been granted parole and subsequently established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus and Complaint for Preliminary Injunctive Relief, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, Alternatively, Motion for Summary Judgment, (Dkt. 11), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4. If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

5. Within two weeks of the date of this Order, the parties shall **FILE** advisories with the Court indicating whether the parties oppose entry of a final judgment in this case.

IT IS SO ORDERED.

SIGNED this March 4, 2026.

                                                      Diana Saldaña
                                                     United States District Judge